# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERTO MALDONADO-GUTIERREZ,<br>a/k/a Carlos Maldonado-Lima;<br>and JUAN NEGRETE SANTANA,<br><br>    Defendants. | **No. 06-CR-4054-DEO**<br><br>**ORDER** |

## I. BACKGROUND AND INFORMATION

This matter is before the Court on the "Defendants' Joint Motion To Suppress Evidence Pursuant To Federal Rule of Criminal Procedure 12(b)(c)" (Docket No. 16). The motion requests suppression of the evidence seized at the roadside traffic stop of the defendant's car and subsequent detention and custodial interrogation. Counsel for the Government filed, "Government Response To Joint Defense Motion To Suppress" (Docket No. 18). A hearing on the motion was held before United States Magistrate Judge Paul A. Zoss on August 18, 2006. On that same day, U.S. Magistrate Zoss issued an Order requesting further briefing by the parties. On August 21, 2006, the Government filed, "Government Response Pursuant to Court Order" (Docket No. 27); and on August 22, 2006, the

defendants filed, "Defendants' Response Pursuant To Court Order" (Docket No. 30). On August 22, 2006, United States Magistrate Judge Paul A. Zoss issued an, "Amended Report And Recommendation On Joint Motion To Suppress" (Docket No. 32).

The Report and Recommendation contains background facts of the case which have been disputed by the defendants (Docket No. 34); more specifically,

> On Pages 5-6 of the Amended Report and Recommendation (hereinafter Amended R&R), the Court found:
>
>> Trooper Halverson returned to the patrol car and ran a warrants check on Negrete. He finished processing citations for the driver's license and window tint violations, and he had Maldonado either sign the computer screen or Maldonado signed a piece of appear that was scanned into the computer. The trooper did not print out the tickets because he still had to process the ticket for the speeding violation.
>
> Defendants object to this factual finding because it is clear from the transcript and testimony that Trooper Halverson had completed the citation process at that point. Defendant Maldonado did not receive a ticket for any speeding violation.

(Docket No. 34, "Objections To the Amended Report And Recommendation On Defendants' Motion To Suppress").

The facts in the Report And Recommendation, with the exception of the disputed facts set out above, will not be repeated in this Order; however, they are referenced herein as if fully set out.

The Report and Recommendation concludes:

> Accordingly, for the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED** that the defendants' joint motion to suppress evidence be denied in its entirety. Objections must be filed by **August 29, 2006**. Responses to objections, if any, must be filed by **September 1, 2006**.

On August 28, 2006, the defendants filed, "Objections To the Amended Report And Recommendation On Defendants' Motion To Suppress" (Docket No. 34); and on August 29, 2006, the Government filed, "Government's Response To Defendants' Objections To The Magistrate's Report And Recommendation Denying Defendants' Motion To Suppress" (Docket No. 35).

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

### III.  DISCUSSION

As noted above, objections to the Report And Recommendation were filed. Therefore, this Court held a prolonged hearing on the matter. The Court recognizes that counsel for both sides were well prepared and that the last 30 pages in the transcript of that hearing reveal a very pertinent discussion of the issues involved. Counsel for both

4

parties gave the Court several pertinent legal citations which left the Court undecided as to the appropriate findings to make. Government counsel informed the Court of a "new" case which had not been mentioned in the briefs that was very pertinent to the problem the Court faced. Can a police officer detain an offending motorist after the officer has completed the writing up of a citation and given it to the motorist?

After the hearing, the Court was given a copy of the recent case of Illinois v. Caballes, 543 U.S. 405, 125 S. Ct. 834, 160 L. Ed. 2d 842 (2005), which was the case the Government counsel had referred to. In that case, the Supreme Court of the United States held that the officers had not unnecessarily prolonged a traffic stop and that the dog alert was sufficiently reliable to provide probable cause to conduct a possible dog detection of drugs as long as it was a brief delay.

> [T]he use of a well-trained narcotics-detection dog-one that "does not expose noncontraband items that otherwise would remain hidden from public view," . . . during a lawful traffic stop, generally does not implicate legitimate privacy interests. In this case, the dog sniff was performed on the exterior of respondent's

5

> car while he was lawfully seized for a traffic violation. Any intrusion on respondent's privacy expectations does not rise to the level of a constitutionally cognizable infringement.

Caballes, 543 U.S. at 409.

The case further states:

> A dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment.

Caballes, 543 U.S. at 410.

This Court, after careful reading of the Caballes case, does not see how it could rule to the contrary under the facts now before it in this case.

This Court has also considered the cases of United States of America v. Hanlon which states:

> When evaluating whether a reasonable suspicion exists for an officer to expand the scope of an investigation following a traffic stop, the court must look at the totality of the circumstances in light of the officer's experience.

Hanlon, 401 F.3d 926, 929 (8th Cir. 2005)

Additionally, in United States of Caballes, 543 U.S. 405, 125 S. Ct. 834, 837, 160 L. Ed. 2d 842 (2005), the Court held:

6

> A dog sniff may be the product of an unconstitutional seizure, however, if the traffic stop is unreasonable prolonged before the dog is employed. . . . To establish an unreasonably prolonged detention, a driver must show that he was detained beyond the time justified by the traffic stop, and that the detention was not supported by reasonable suspicion.

Id.

In the case now before this Court, U.S. Magistrate Judge Paul A. Zoss appropriately concluded in the Report and Recommendation that Trooper Halverson's suspicions were raised by the match of the Blazer and its driver to the details of the teletype alert, the obvious nervousness of the defendants, the presence of numerous air fresheners in the vehicle and the discrepancies and incompleteness of the defendants' stories. Further, in the totality of the circumstances, this Court finds Trooper Halverson was justified in detaining the defendants while he investigated further. In addition, the canine crew was already at the scene before the traffic citations were completed; so there is no violation of the defendants' Fourth Amendment rights in requiring them to remain at the scene while the dog sniffed the vehicle's exterior.

This Court is aware that the defendants further strenuously argued that the fact that a dog had alerted his handler to the presence of drugs did not allow the officers to search inside the car even though the owner of the car had agreed that the canine crew could make a sniff search around the defendant's car.

The parties supplied the Court with the case of United States v. Alexander, 448 F.3d 1014 (8th Cir. 2006) which holds as follows:

> Because the dog sniff was legal, the resulting search of Alexander's car was also legal, for the dog's identification of drugs in Alexander's car provided probable cause that drugs were present, which entitled the officers to search the vehicle forthwith pursuant to the automobile exception to the warrant requirement. United States v. Sanchez, 417 F.3d 971, 976 (8th Cir. 2005).

Alexander, 448 F.3d at 1017.

Alexander is not a case that clearly permits officers to search an entire car just because the dog sniff was legal, but it is the closest case this Court was provided with or aware of.

This Court is not prepared to rule that the permission to allow the dog to make a pass around the defendant's car and

8

then have the dog "hit" on the front, right portion of the car is not enough probable cause to allow for a subsequent search of the whole car which resulted in the finding of drugs inside the car. This Court knows of no precedent which would allow it to so rule, and the Court declines to do so.

One final matter should be noted. In its resistance to the defendants' joint motion, the Government also raises the issue that Negrete lacks standing to challenge the search of the Blazer. Because the Court has found the search to be valid in any event, the issue is moot and requires no further discussion here.

## IV. CONCLUSION

Based upon the testimony received by the Court and upon complete review of the record and submitted pleadings, including a thorough review of the U.S. Magistrate's Report and Recommendation:

**IT IS HEREBY ORDERED** that this Court accepts Judge Zoss's Amended Report And Recommendation (Docket No. 32). The defendants' joint motion to suppress all evidence seized at the roadside traffic stop of the defendant's car and the

subsequent detention and custodial interrogation is hereby **denied**.

**IT IS FURTHER HEREBY ORDERED** that pursuant to the oral motion to extend the pre-trial motion deadline made by the defendant Maldonado-Gutierrez at the hearing of September 26, 2006, which was **sustained**, the parties shall file their trial-related motions within three (3) days of the date of this Order.

**IT IS SO ORDERED** this 4th day of October, 2006.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa